**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRITTNAY MONTGOMERY,** | ) | |
| Plaintiff, | ) | |
| Vs. | ) | Cause No. |
| **THE KIESEL COMPANY,** | ) | |
| And | ) | |
| **UNITED HEALTHCARE SERVICES, INC.,** | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW Plaintiff Brittnay Montgomery, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*, and for her cause of action against Defendants The Kiesel Company ("Kiesel" or "Defendant") and United Healthcare Services, Inc. ("UHC" or "Defendant"), collectively referred to as Defendants, respectfully states the following:

**Introduction**

1.      Plaintiff Ms. Brittnay Montgomery (hereinafter "Plaintiff" or "Ms. Montgomery") brings this action, against UHC for damages caused by the Defendant's breach of statutory, contractual, and fiduciary obligations and

violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2.      Ms. Montgomery seeks recovery and payment of benefits due under an employee benefits plan, statutory penalties, and costs and attorney fees associated with this action, as provided by ERISA.

3.      This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

4.      Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendant resides or are found in this district.

**Parties**

5.      Ms. Montgomery is an individual residing in the Eastern District of Missouri, and was at all times relevant, a vested participant in an employee welfare benefit program for certain employees of The Kiesel Company, which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

6.      Ms. Montgomery has standing to bring this action as a beneficiary under 29 U.S.C. §1132(a).

7. Included in the employee benefit plan is a policy of health insurance benefits.

8. Upon information and belief, the Kiesel Company plan is administered as a self-funded plan.

9. Kiesel is a Missouri company with its principal place of business in this District.

10. Upon information and belief defendant UHC is named as an administrator under the plan and decides benefits.

11. UHC is an insurance company incorporated in Minnesota and is doing business in Missouri under a license to do business as a Foreign Insurance Company.

12. UHC administers and decides what benefits will be paid under the terms of the health insurance employee benefit plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16).

13. Kiesel is the plan sponsor under the meaning of 29 U.S.C. § 1002.

### Factual allegations common to all Counts

14. In 2023, Ms. Montgomery was an employee of Walgreens. That employment was wrongfully terminated.

15. Following the termination of her employment with Walgreens in 2023, Plaintiff obtained employment with Kiesel.

16.    Ms. Montgomery's employment with Kiesel provided health insurance coverage through a UHC plan associated with The Kiesel Company.

17.    Plaintiff's UHC coverage under The Kiesel Company began on or about July 1, 2023. Plaintiff's member identification card reflected Member ID Number 09633715900, Group Number 1519700, and UnitedHealthcare Choice Plus coverage administered by UHC. Plaintiff used that coverage for healthcare services, including behavioral health and hospital-related services.

18.    During 2023 and 2024, healthcare claims for Plaintiff were submitted to and processed through UHC. UHC paid covered claims for services rendered to Plaintiff, including services in late 2023 and 2024.

19.    Plaintiff had also been pursuing claims arising from her termination from Walgreens through the U.S. Equal Employment Opportunity Commission.

20.    As a result of that dispute, Walgreens later reinstated Plaintiff's employment and retroactively adjusted her employment and benefits records to treat her as though her Walgreens employment and related health coverage had remained in effect during periods when, in reality, Plaintiff did not have real-time access to or use of such coverage.

21.    After those retroactive adjustments, UHC took the position that other coverage associated with Walgreens was primary and that UHC coverage was not properly responsible for claims it had previously processed and paid.

22.    UHC then reversed and/or recouped payments on numerous claims, including claims relating to behavioral health treatment and hospital services, and sought to retract payment from medical providers for services already rendered.

23.     UHC did so without providing Plaintiff adequate and timely notice before reversing prior claim payments and without reasonably explaining, in a manner calculated to be understood by the participant, the basis for its adverse benefit determinations and payment reversals.

24.     As a result of UHC's conduct, Plaintiff was exposed to medical bills, collection pressure, and the loss of benefits previously approved and paid under the plan.

25.     On or about February 2, 2025, Plaintiff submitted an appeal to UHC challenging the reversal of payments and explaining that her Walgreens coverage position had been retroactively altered after the fact, and that UHC had served as the primary insurance she actually used during the relevant period – as Ms. Montgomery did not actually have insurance through Walgreens when the benefits were paid.

26.     Plaintiff provided supporting information showing, among other things, that Walgreens had terminated her, that she lost benefits as a result of that termination, that she was later rehired, and that Walgreens retroactively adjusted records after the fact.

27.     Through counsel, Plaintiff also made a written request that UHC produce the claim file, plan-related information, and all documents, records, and other information relevant to Plaintiff's claim and appeal, including the materials required to be disclosed under 29 C.F.R. § 2560.503-1(h)(2)(iii) and § 2560.503-1(m)(8).

28.     Despite that request and accompanying authorization, UHC failed to produce the requested claim file and failed to provide Plaintiff reasonable access to the documents, records, and other information relevant to her claim for benefits.

29.     UHC's response did not provide the requested claim file, did not identify the documents it was withholding, did not furnish the documents, records, or other

information relevant to the claim, and did not otherwise cure its failure to provide Plaintiff meaningful access to the materials necessary to evaluate and challenge the adverse determination.

30.     UHC's failure to produce the requested claim file and relevant claim materials directly violated, among other provisions, 29 C.F.R. § 2560.503-1(h)(2)(iii), § 2560.503-1(j), and § 2560.503-1(m)(8), and deprived Plaintiff of the full and fair review required by ERISA.

31.     Plaintiff exhausted the administrative review process available to her, or such process should be deemed exhausted because UHC failed to provide a full and fair review as required by ERISA.

32.     UHC upheld its adverse benefit determination and continued to deny responsibility for the subject claims.

33.     UHC's actions injured Plaintiff by depriving her of healthcare benefits due under the plan and by causing her financial harm and uncertainty relating to providers' efforts to recover amounts from her or from previously paid claims.

34.     Conditions precedent to suit have occurred, been performed, or have been excused.

**COUNT I**
**WRONGFUL DENIAL OF BENEFITS**
**ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**
*Against All Defendants*

35.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 34 as though fully set forth herein.

36.     The health benefits at issue were provided pursuant to an employee welfare benefit plan governed by ERISA.

37.     Plaintiff was entitled to benefits under the terms of the UHC-governed plan for the healthcare services for which UHC initially processed and paid claims and later reversed, denied, and/or recouped payment.

38.     As a self-funded Plan, Kiesel was the beneficiary of any recouped payments.

39.     UHC wrongfully denied benefits due to Plaintiff under the terms of the plan by reversing previously paid claims, refusing to honor coverage for eligible services, and treating the claims as non-payable based on retroactive coordination or coverage determinations.

40.     UHC's denial and recoupment decisions were contrary to the terms of the plan, unsupported by the facts, arbitrary and capricious if a deferential standard applies, and incorrect under a de novo standard if no discretion applies.

41.     As a direct and proximate result of UHC's wrongful denial of benefits, Plaintiff has suffered loss of plan benefits and related financial harm, and Kiesel was unjustly enriched by the wrongful recoupment of previously paid benefits.

42.     Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to recover all benefits due to her under the terms of the plan, to enforce her rights under the plan, and to clarify her rights to future benefits.

**WHEREFORE,** Plaintiff Brittnay Montgomery respectfully prays for judgment against Defendants The Kiesel Company and United Healthcare Services, Inc. in the amount of wrongfully denied, unpaid, withdrawn, or recouped past benefits owed to Ms. Montgomery under the employee welfare plan, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

**COUNT II**
**BREACH OF FIDUCIARY DUTY**
**ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**
*Against All Defendants*

43.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 as though fully set forth herein.

44.     Defendants acted as ERISA fiduciaries to the extent it exercised discretionary authority or control over claim administration, benefits determinations, adverse benefit notices, appeal review, and communications regarding coverage and payment responsibility.

45.     ERISA imposed fiduciary duties on Defendants, including duties of loyalty and prudence and duties to administer the plan solely in the interest of participants and beneficiaries.

46.     Defendants breached their fiduciary duties by, among other things:

   a.   failing to provide timely, adequate, and comprehensible notice to Plaintiff before or in connection with reversing previously paid claims;

   b.   failing to provide a full and fair review of Plaintiff's claim and appeal;

   c.   failing to produce the claim file and other documents, records, and information relevant to Plaintiff's claim and appeal after written request, in violation of 29 C.F.R. § 2560.503-1(h)(2)(iii), § 2560.503-1(j), and § 2560.503-1(m)(8);

   d.   communicating and administering benefits in a manner that unfairly shifted the consequences of retroactive coverage adjustments onto Plaintiff;

e.  recouping or retracting payments for services already rendered without appropriate participant protections and without acting solely in the interest of plan participants and beneficiaries; and

f.  failing to administer the plan prudently and consistently with ERISA's fiduciary obligations.

47.   As a direct result of these fiduciary breaches, Plaintiff suffered actual harm, including loss of coverage, exposure to outstanding provider balances, confusion regarding her rights and responsibilities, inability to meaningfully evaluate and respond to UHC's position during the administrative process, and other financial injury.

48.   In the event relief under § 1132(a)(1)(B) is deemed unavailable or incomplete, Plaintiff seeks all appropriate equitable relief available under § 1132(a)(3), including but not limited to surcharge, restitution, disgorgement, declaratory relief, injunctive relief, reprocessing of claims under a lawful standard, and any other equitable relief necessary to redress UHC's fiduciary misconduct and make Plaintiff whole.

49.   This Count is pled in the alternative to Count I to the extent necessary, and Plaintiff does not seek duplicative recovery.

**WHEREFORE**, Plaintiff Brittnay Montgomery respectfully prays that this Court:

1)  Grant judgment in his favor and against Defendant on all claims;

2)  Order that Defendant pay restitution for all benefits that Ms. Montgomery is entitled to but for Defendants' breaches of fiduciary duties;

3)  Declare Plaintiff's rights under the terms of the Plan;

4) Enjoin Defendant to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1;

5) Enjoin Defendant to discharge its fiduciary duties in accordance with 29 U.S.C. § 1104;

6) Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully recouping benefits already paid on behalf of Plaintiff in compliance with the plan and payment of his attorneys' fees caused by Defendant's violation of 29 U.S.C. § 1133 and breach of fiduciary duty;

7) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

8) Award all such other and further relief as this Court deems just and proper.

Respectfully submitted,

DAVIS OLSZESKI, L.L.P.

*/s/ Adam J. Olszeski*
Matthew R. Davis  #MO58205
Adam J. Olszeski   #MO66126
Gallagher Davis, LLP
2704 Locust St., Ste 202
St. Louis, MO 63103
P: (314) 876-776
F: (314) 876-7877
matt@dodisabilitylaw.com
adam@dodisabilitylaw.com